IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

NANCY PASCAL,
individually and on behalf of a class,

      Plaintiff,

vs.

**08 CIV. 0550**

ALLAN P. FEIGELSON, individually
and doing business as ALLAN P.
FEIGELSON, P.A., a dissolved corporation,
and BANK OF AMERICA, N.A.,

**JUDGE ROBINSON**

      Defendants.

------------------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Allan P. Feigelson and Bank of America, N.A. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C.

§1692k (FDCPA).

3.   Venue and personal jurisdiction over defendants in this District is proper because defendants' collection activities impacted plaintiff here and because both defendants transact business here.

## PARTIES

4.   Plaintiff Nancy Pascal is an individual who resides in Monsey, New York.

5.   Defendant Allan P. Feigelson is an attorney with offices at 8337 Cherry Lane, Laurel, MD 20737.

6.   Defendant Feigelson once practiced through a professional corporation, Allan P. Feigelson, P.A., but the entity was dissolved in 2006.

7.   Defendant Feigelson regularly permits his name to be placed on collection letters mailed to persons who allegedly owe money to others, including Bank of America.

8.   Defendant Feigelson is licensed in the District of Columbia and Maryland, but not New York.

9.   Defendant Bank of America, N.A. is a federally-chartered bank with offices in New York, including at 100 Church Street, New York, NY.

## FACTS

10.   On or about December 18, 2007, plaintiff was mailed the two-page collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

11.   Exhibit A sought to collect a home equity line of credit obtained and used for personal, family or household use and not for business purposes.

12.   Exhibit A purports to come from Allan P. Feigelson, P.A., but no such

entity has existed since 2006.

13. <u>Exhibit A</u> is signed by "mks" and not attorney Feigelson.

14. <u>Exhibit A</u> directs that the recipient "contact a Bank of America, N.A. representative at 1-800-451-6362 within 5 days to make arrangements to cure the default. [P] Failure to contact Bank of America, N.A. and resolve this matter may result in this loan being referred to an attorney for foreclosure of the property securing the above loan."

15. <u>Exhibit A</u> does not provide a telephone number for Feigelson.

16. <u>Exhibit A</u> is, on information and belief, a form letter.

17. <u>Exhibit A</u> is, on information and belief, not Feigelson's normal stationary, which would contain his telephone number.

18. The telephone number on <u>Exhibit A</u> is answered by Bank of America's in-house collection department.

19. The second page of <u>Exhibit A</u> contains a notice purporting to comply with 15 U.S.C. §1692g.

20. The second page of <u>Exhibit A</u> states that "Should you have any further questions concerning this notice, please contact Bank of America, N.A."

21. <u>Exhibit A</u> does not provide any address for written communications to Bank of America, N.A.

22. On information and belief, <u>Exhibit A</u> is sent by or at the direction or with the authorization of Bank of America, N.A., without meaningful professional involvement by attorney Feigelson, for the purpose of inducing the recipient to contact the Bank of America, N.A. collection department at the number given.

## VIOLATIONS ALLEGED

23.     Bank of America. N.A., is a debt collector within the meaning of 15 U.S.C. §1692a(6), in that it is a creditor that, in the process of collecting its own debts, uses a name other than its own, namely Allan P. Feigelson, P.A., that would indicate that a third person is collecting or attempting to collect such debts.

24.     <u>Exhibit A</u> violates 15 U.S.C. §§1692e, 1692e(3), 1692e(10), and 1692e(14), by misrepresenting that it is a communication from an attorney, when it is not.

25.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(3)    The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
> **(14)   The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

26.     Feigelson authorized the misuse of his name, violating the above provisions and also 15 U.S.C. §1692j, which states:

> **§ 1692j.     Furnishing certain deceptive forms [Section 812 of P.L.]**
>
> **(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a**

> person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.
>
> **(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.**

27. The "form" he furnishes is the faux letter head of "Allan P. Feigelson, P.A."

28. Exhibit A violates 15 U.S.C. §1692g, in that it requires a written communication, directs the communication to Bank of America, and provides no address or other means to send a written communication to Bank of America.

## CLASS ALLEGATIONS

29. Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

30. The class consists of (a) all natural persons (b) who were sent a letter on the same letterhead as Exhibit A (c) on or after a date one year prior to the filing of this action and (d) ending 20 days after the filing of this action.

31. The class is so numerous that joinder is impracticable.

32. On information and belief, there are more than 50 natural persons who were sent a letter on the same letterhead as Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    1.    Whether attorney Feigelson had meaningful professional involvement with the debts that were the subject of letters in the form of <u>Exhibit A</u>.

    2.    Whether the letters in fact are sent by or at the direction of Bank of America.

    3.    Whether the letters violate the FDCPA.

34.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    1.    Statutory damages;

    2.    Attorney's fees, litigation expenses and costs of suit;

    3.    Such other or further relief as the Court deems proper.

_Abraham Kleinman_

KLEINMAN LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@solve360.com


Cathleen M. Combs
EDELMAN COMBS LATTURNER &
 GOODWIN, LLC
120 S. LaSalle Street
Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 fax
ccombs@edcombs.com
(to request pro hac vice admission)

## JURY DEMAND

Plaintiff hereby demands trial by jury.

/s/ Abraham Kleinman
Abraham Kleinman

T:\20850\Pleading\Complaint_Pleading.WPD

**Exhibit A**

# Law Offices
# Allan P. Feigelson, P.A.

Laurel Lakes Executive Park
8337 Cherry Lane
Laurel, Maryland 20707

Practicing in
Maryland and the
District of Columbia

December 18, 2007

Nancy Pascal
65 Remsen Avenue
Monsey, NY 10952

Re:  Bank of America, N.A
     Loan No.: 68821014234799
     Balance: $85,842.12

**NOTICE**

Bank of America, N.A., has notified this office that the above loan is in default.

It is essential that you contact a Bank of America, N.A. representative at 1-800-451-6362 within 5 days to make arrangements to cure the default.

Failure to contact Bank of America, N.A. and resolve this matter may result in this loan being referred to an attorney for foreclosure of the property securing the above loan.

If you have filed bankruptcy, this is not a demand for payment.  Please consult your bankruptcy attorney if you have any questions.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Allan P. Feigelson

APF:mks
Enclosure:  15USC 1692(g)(a) Notice.

## *15 U.S.C.§ 1692 (g)(a) NOTICE*

Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after you receive this letter, we will assume the debt to be valid. If you notify us in writing within thirty (30) days that the debt or any portion thereof is in dispute, we will obtain verification of the debt and mail it to you. We will provide you with the name and address of the original noteholder (if different from the current noteholder) upon your written request made within the thirty (30) day period.

Should you have any further questions concerning this notice, please contact Bank of America, N.A.

This is an attempt to collect a debt and any information obtained will be used for that purpose.