UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY PASCAL, individually and on behalf of a class,

        Plaintiff,

v.

ALLAN P. FEIGELSON, individually and doing business as ALLAN P. FEIGELSON, P.A., a dissolved corporation, and BANK OF AMERICA, N.A.,

        Defendants.

Civil Action No. 08-0550

Judge Robinson

**ANSWER OF DEFENDANT BANK OF AMERICA, N.A. TO PLAINTIFF'S COMPLAINT**

---

Defendant, Bank of America, N.A. ("Defendant" or "Bank of America") by its attorneys Reed Smith LLP, answers the Complaint of Plaintiff Nancy Pascal ("Ms. Pascal" or "Plaintiff") as follows:

## INTRODUCTION

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1 of the Complaint. The remaining allegations in Paragraph 1 of the Complaint contain conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

3. It is admitted that Defendant transacts business in this District. The remaining allegations in Paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

## PARTIES

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies that Defendant Feigelson permits his name to be placed on collection letters mailed to persons who owe money to Defendant Bank of America. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint in so far as they relate to others.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

## FACTS

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. By way of further response, Exhibit A is a document in writing which speaks for itself.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint as stated and respectfully refers the Court to <u>Exhibit A</u> which is a document in writing which speaks for itself.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. By way of further response, <u>Exhibit A</u> is a document in writing which speaks for itself.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. By way of further response, <u>Exhibit A</u> is a document in writing which speaks for itself.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint as stated and respectfully refers the Court to <u>Exhibit A</u> which is a document in writing which speaks for itself.

15. Defendant admits the allegation contained in Paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations as stated. Defendant admits that the phone number listed on <u>Exhibit A</u> is a telephone number for Defendant. By way of further response, Defendant respectfully refers the Court to <u>Exhibit A</u> which is a document in writing which speaks for itself.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied as stated but Defendant admits the notice in <u>Exhibit A</u> complies with 15 USC §1692(g). By way of further response, Defendant respectfully refers the Court to <u>Exhibit A</u> which is a document in writing which speaks for itself.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint as stated and respectfully refers the Court to <u>Exhibit A</u> which is a document in writing which speaks for itself.

21. Defendant admits that <u>Exhibit A</u> does not provide an address for Defendant. By way of further response, Defendant respectfully refers the Court to <u>Exhibit A</u> which is a document in writing which speaks for itself.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint. By way of further response, paragraph 22 contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## **VIOLATIONS ALLEGED**

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint. By way of further response, paragraph 23 contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint. Paragraph 24 contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. By way of further response, <u>Exhibit A</u> is a document in writing which speaks for itself.

25. Defendant admits that Section 1692e is correctly quoted in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## CLASS ALLEGATIONS

29. Paragraph 29 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint. By way of further response, Paragraph 33 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint. By way of further response, Paragraph 34 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

35. Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

36. Paragraph 36 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. Any alleged acts or omissions of Defendant giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendant. Defendant acted in a reasonable manner in connection with the transactions at issue in this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. Defendant is not a debt collector and therefore Plaintiff's claims are not actionable against Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff lacks standing to maintain the purported claims against Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. Defendant reserves the defense that the Court lacks power and/or subject matter jurisdiction to enter some or all of the relief Plaintiff seeks.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff failed to state any claim for which attorney's fees may be awarded.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff has not suffered any damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred in whole or part because Defendant at all times acted in good faith.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45. Defendant reserves the right to assert additional affirmative defenses as may be revealed during discovery and as justice requires.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46. Defendant never made false or misleading statements to Plaintiff regarding her loan or her obligations under the loan.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

47. The causes of action are barred by the applicable statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

48. The causes of action are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49. The causes of action are barred, in whole or in part, by the doctrine of equitable estoppel, judicial estoppel and/or promissory estoppel.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

50. The causes of action are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

51. The causes of action are barred, in whole or in part, by the doctrine of unclean hands and/or in pari delicto.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

52. The causes of action are barred by accord and satisfaction.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

53. Should Plaintiff prevail against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

54. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

**WHEREFORE,** Defendant demands judgment in its favor, dismissing Plaintiff's Complaint with prejudice and awarding Defendant its costs incurred in defending this matter, including attorneys' fees, and such other and further relief as the Court deems just and equitable.

Dated: March 12, 2008

REED SMITH LLP

By: /s/ Andrew Messite
Andrew Messite (AM-3748)
599 Lexington Avenue
New York, New York 10022
Telephone: 212.521.5400
Email: amessite@reedsmith.com

Counsel for Defendant Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2008 I caused a true and correct copy of the Answer to be served by electronic service to:

Abraham Kleinman
Kleinman LLC
626 RexCorp Plaza
Uniondale, NY 11556-0626
akleinman@solve360.com


Cathleen M. Combs
Edelman Combs Latturner & Goodwin, LLC
120 S. LaSalle Street
Suite 1800
Chicago, ILL 60603
ccombs@edcombs.com


Mark K. Anesh
150 East 42nd Street
New York, NY 10017-5639


_____
Andrew Messite (AM-3748)